# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Charles Steele,
    Petitioner,

vs.                                        Case No. 1:02cv219
                                               (Spiegel, J.; Black, M.J.)

Michael Allen,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the amended petition and respondent's response. (Docs. 22, 28).

### Procedural and Factual Background

During his incarceration for a 1995 rape conviction, petitioner provided a DNA sample to be included in a DNA database known as CODIS (Combined DNA Identification System). (Doc. 11 at 1; *State v. Steele,* 802 N.E.2d 1127, 1129 (Ohio Ct. App. 2003)). Section 2901.07 of the Ohio Revised Code permits the state to collect DNA from offenders convicted of certain crimes without any individualized suspicion. Petitioner's DNA sample matched the DNA of a semen sample obtained from a victim who was raped on February 19, 1994. (*Id.*). After securing

a search warrant, the police took a second DNA sample from petitioner which also matched the victim's semen sample. (*Id.*).

On November 26, 2001, the grand jury of Hamilton County, Ohio indicted petitioner on two counts of kidnapping as defined in Ohio Rev. Code §§ 2905.01 (A) (2) and 2905.01 (A)(4), and one count of rape as defined in Ohio Rev. Code § 2907.02(A)(2), each with firearm specifications. (Doc. 16, Ex. 1at 1).

While awaiting trial, petitioner filed a petition for a writ of habeas corpus in this Court. (Doc. 1). As his claim for relief, petitioner argued that because his prosecution was barred by the applicable state statute of limitations, his incarceration was unconstitutional. (*Id.*). Petitioner implied that he was having difficulty having his claim heard in the state courts, asserting that his state habeas corpus petition presented *pro se* to the Supreme Court of Ohio was returned for failure to comply with the Court's procedural rules. (Doc. 1, attachment).

On April 16, 2002, Magistrate Judge Jack Sherman, Jr. concluded that the federal petition was subject to summary dismissal under Rule 4 of the Rules Governing Sections 2254 Cases in the United States District Courts, 29 U.S.C. foll. § 2254, because petitioner had failed to exhaust state remedies and intrusion into the ongoing state court proceeding was not justified at that time. (Doc. 2).

In his objections to the Magistrate Judge's Report and Recommendation, petitioner noted that he was unable to properly file his state habeas corpus petition because the jail lacked notary services. (Doc. 3 at 5). The district court was troubled by this allegation and concluded that "the Magistrate Judge must hold an evidentiary hearing to determine the truth of Petitioner's allegations that the state supreme court will not consider his unnotarized pleadings and that the services of a notary public are unavailable to prisoners at the HCJC [Hamilton County Justice Center]." (Doc. 4 at 7). The District Judge reversed the Magistrate Judge's recommendation and remanded the case. (*Id.*).

On August 7, 2002, Magistrate Judge Sherman ordered respondent to respond to allegations in the petition by filing a return of writ. (Doc. 5). On December 11, 2002, respondent filed a return of writ indicating that on October 22, 2002 petitioner had been convicted as charged and that an appeal of his convictions

2

for rape and kidnapping was pending before the Ohio Court of Appeals.[1]  (Doc. 11 at 3).  Respondent asserted an exhaustion defense.  (*Id*.).  Respondent also took issue with petitioner's complaint that the HCJC lacked notary services, indicating that staff members are commissioned as Notary Publics and notarize documents for inmates on a daily basis.  (*Id.* at 4).  Respondent provided copies of two documents notarized for petitioner.  (*Id.*).

On May 18, 2004, the undersigned Magistrate Judge ordered respondent to update the record with documents from  petitioner's direct appeal in the state courts.  (Doc. 15).

The record, as supplemented, shows that petitioner, assisted by counsel, filed a timely appeal of his convictions to the Ohio Court of Appeals, First Appellate District, raising the following  assignments of error which are quoted verbatim:

> I.  Steele's Constitutional Rights Under The Fifth And Fourteenth Amendments To The United States Constitution Were Violated By His Being Prosecuted For Rape and Kidnapping Beyond The Statute Of Limitations Prescribed By Ohio Revised Code 2901.13.
>
> II.  The Court Committed Prejudicial Error In Refusing To Allow Defendant-Appellant To Represent Himself At Trial Of This Matter.
>
> III.  The Court Erred In Allowing Into Evidence DNA Samples Obtained From Steele In 1995 and 2001 In Violation of His Fourth and Fourteenth Amendment Rights To The United States Constitution.

(Doc. 16, Ex. 1).

On December 12, 2003, the Ohio Court of Appeals issued a decision overruling the assignments of error and affirming the judgment of the trial court. *See State v. Steele,* 802 N.E.2d 1127, 1129 (Ohio Ct. App. 2003).

Through counsel, petitioner further appealed the judgment to the Supreme

---

[1]  The state trial court sentenced petitioner to an aggregate sentence of twenty-three (23) to fifty (50) years of incarceration. (Doc. 11 at 2).

Court of Ohio. (Doc. 16, Ex. 3). On May 26, 2004, the Supreme Court of Ohio denied leave to appeal. (Doc. 16).

On August 27, 2004, the undersigned Magistrate Judge determined that due to the progression of the case in state court, petitioner had exhausted his state court remedies making an evidentiary hearing unnecessary and issued a Report and Recommendation that the petition be denied (Doc. 18).

On December 29, 2004, the District Judge granted petitioner's motion to amend the petition to include two additional grounds for relief which were advanced in the state court. (Doc. 20). These two claims raised by petitioner and the subject of the instant Report and Recommendation are:

> **Ground Two:** The trial court committed prejudicial error in refusing to allow defendant to represent himself at trial.
>
> **Ground Three:** The Court erred in allowing into evidence DNA samples obtained from Steele in 1995 and 2001 in violation of his Fourth and Fourteenth Amendment rights to the United States Constitution.

(Doc. 22).

## OPINION

**I. Petitioner is not entitled to habeas corpus relief based the claim alleged in ground two that he was denied the constitutional right to represent himself.**

As his second ground for relief, petitioner alleges that he was denied the right to represent himself at trial.

Under the standard established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified principally at 28 U.S.C. § 2254 (d), petitioner is not entitled to federal habeas corpus relief, unless the state court's adjudication of his claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. §

4

2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998).

A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942.

An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.). A federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942.

The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

The Sixth Amendment guarantees a criminal defendant the right to assistance of counsel before he can be validly convicted and punished by imprisonment. *See Faretta v. California,* 422 U.S. 806, 807 & n.1 (1975) (and cases cited therein). The Sixth Amendment also grants to the accused the implied right to conduct his own defense without counsel when he voluntarily and intelligently elects to do so. *Id.* at 807, 818-21. The Sixth Circuit has held:

> The right to defend *pro se* and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely,* 810 F.2d 93, 97 (6th Cir.) (quoting *United States v. Conder,* 423 F.2d 904, 908 (6th Cir.) (citations omitted), *cert. denied,* 400 U.S. 958 (1970)), *cert. denied,* 484 U.S. 841 (1987).[2]

Although the right to self-representation is related to the right to counsel, the right to counsel stems from concerns about ensuring a fair trial whereas the right to self-representation is based "more on considerations of free choice than in fair trial concerns." *United States v. Martin,* 25 F.3d 293, 295 (6th Cir. 1994).[3]

When the defendant conducts his own defense, he gives up many of the traditional benefits associated with the right to counsel and thus must knowingly and intelligently forego those benefits before being allowed to represent himself. *Faretta,* 422 U.S. at 835; *Martin,* 25 F.3d at 295. In contrast, the constitutional basis of the self-representation right does not require a knowing and intelligent waiver of that right. *Martin,* 25 F.3d at 295. Indeed, the right of self-representation may be deemed waived if it is not asserted unequivocally and in a timely manner. *Id.* at 295-96; *see also Singleton,* 107 F.3d at 1096; *Cain v. Peters,* 972 F.2d 748, 750 (7th Cir. 1992), *cert. denied,* 507 U.S. 930 (1993).

---

[2] *See also United States v. Singleton,* 107 F.3d 1091, 1096 (4th Cir.) (courts "have assumed that the right to self-representation and the right to representation by counsel, while independent, are essentially inverse aspects of the Sixth Amendment and thus that assertion of one constitutes de facto waiver of the other") (citing *Faretta,* 422 U.S. at 835, and *Tuitt v. Fair,* 822 F.2d 166 (1st Cir.), *cert. denied,* 484 U.S. 945 (1987)), *cert. denied,* 522 U.S. 825 (1997).

[3] *See also Faretta,* 422 U.S. at 834 (even though "it is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts," the defendant's choice of self-representation "must be honored out of 'that respect for the individual which is the lifeblood of the law'") (quoting *Illinois v. Allen,* 397 U.S. 337, 350-51 (1970) (Brennan, J., concurring).

In this case, the Ohio Court of Appeals made the following findings of fact which are entitled to a presumption of correctness:[4]

> The record in this case shows that the trial court held a hearing on several motions filed by Steele's attorney, as well as a motion that Steele had filed pro se. Defense counsel informed the court that Steele wished to argue his pro se motion. The court denied his request, telling Steele that he spoke through counsel. Steele became argumentative and insisted that he wanted to speak. The court told him that he could be sworn in as a witness. The argument continued, and finally the court told him, "You will speak through the attorney. If you want to take the stand and make any statement subject to cross-examination, you are welcome to do that." Steele responded, "What I would like to do is make a motion to withdraw counsel then." He continued that he wanted to "[g]o by myself." The court denied his motion.
>
> The hearing continued and Steele's counsel presented evidence regarding a motion to suppress. Subsequently, the court allowed Steele to be sworn in as a witness, and he proceeded to argue his pro se motion. Because he simply argued the law, he was not subject to cross-examination. Steele appeared to be satisfied that he was allowed to argue his motion and did not repeat his request for self-representation at that time.
>
> Subsequently, Steele filed a "Motion to Withdraw Counsel." Though he asserted that he had the right to represent himself, the gist of his motion was that he was dissatisfied with his counsel. He asserted in the motion, "Defendant state [sic] he and present counsel have irreversible differences, and will not agree on the matters involving the herein numbered offenses. Defendant is extremely uncomfortable with counsel [sic] representation and strongly feels that counsel is not representing defendant to the fullest[.]" Therefore, Steele asked to represent himself.

---

[4] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence."

7

> The court allowed Steele's counsel to withdraw and appointed new counsel to represent him. It made no decision on Steele's request to represent himself. Over the course of several months, the case was continued several times and eventually set for trial. Neither Steele nor his new attorney brought up the issue of self-representation or asked the court to rule on Steele's previous request to represent himself.
>
> Finally, on the morning that trial was scheduled to begin, Steele's attorney told the court that Steele wished to represent himself. Upon questioning by the court, Steele confirmed that he wished to represent himself. The court stated that it had made its ruling and denied Steele's request.

*State v. Steele*, 802 N.E.2d at 1131. These findings are supported by the record. *See* Doc. 35, Tr. 5-6, 38-41, 61.

The Ohio Court of Appeals held that petitioner had not properly asserted his right to self-representation. His last-minute request on the day of trial was not timely made and his previous two requests were equivocal. The Ohio Court determined that the requests were more in the manner of "impulsive acts expressing frustration with first counsel" than unequivocal requests for self-representation. As further evidence of petitioner's equivocation, the appellate court noted that petitioner filed several *pro se* motions, but did not file another request for self-representation after a new attorney was appointed, despite a lapse of several months before trial. 802 N.E.2d at **1131

The Ohio Court of Appeals held that petitioner's assertion of his right to self-representation was not so clear and unequivocal as to trigger further inquiry by the court, and, even if it were when first made, "he waived it by accepting the assistance of his new counsel and not raising the issue for several months, leaving it until the day of trial." *Id.*

The decision of the Ohio Court of Appeals rejecting petitioner's claim that he was denied the right to represent himself was a reasonable application of *Faretta* and was based on a reasonable determination of the facts in light of the evidence presented. Petitioner is therefore not entitled to habeas corpus relief with respect to his second ground for relief.

8

## II.  Petitioner's Fourth Amendment claim, asserted as his third ground for relief, is not cognizable in habeas corpus proceedings.

As his third ground for relief, petitioner asserts that DNA samples were taken from him and admitted into evidence in violation of the Fourth Amendment.

The scope of review of alleged Fourth Amendment violations in federal habeas corpus proceedings is extremely narrow.  "[W]here the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted).

To determine whether a petitioner was afforded a full and fair opportunity in the state courts to litigate his Fourth Amendment claim, a federal habeas corpus court must make two distinct inquiries: (1) whether the State has provided a procedural mechanism through which, in the abstract, petitioner could raise a Fourth Amendment claim; and (2) whether petitioner's presentation of the claim was in fact frustrated because of a failure of that mechanism.  *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.), *cert. denied*, 459 U.S. 948 (1982).

Ohio provides an adequate procedural mechanism for the litigation of Fourth Amendment claims in the form of a pretrial motion to suppress pursuant to Ohio R. Crim P. 12, and a direct appeal as of right from an order denying a motion to suppress pursuant to Ohio R. App. P. 3 and 5.  Therefore, under the first inquiry, Ohio's mechanism for the resolution of Fourth Amendment claims, in the abstract, presents the opportunity to raise such claims.  *Id.*

Under the second inquiry, petitioner has not pointed to any impediment which frustrated the presentation of his Fourth Amendment claim in the Ohio courts.  Indeed, it appears from the record presented that petitioner in fact was afforded a full and fair hearing of his claims in both the trial court and Ohio Court of Appeals.  (Doc. 35, Tr. 9-53; 802 N.E.2d at 1132-1136 ).  The Ohio Court of Appeals provided a thorough analysis of petitioner's claim, holding the search authorized by Ohio Rev. Code § 2901.07 reasonable under the Fourth Amendment, after balancing the minimal intrusion into an offender's privacy interest with the special need justifying the search. 802 N.E.2d at 1136.

Accordingly, the undersigned concludes that Ohio's procedural mechanism afforded petitioner with an opportunity to fully and fairly litigate his Fourth Amendment claim in the state courts. Therefore, petitioner may not relitigate the claim in this habeas corpus action. *See Powell*, 428 U.S. at 494-95; *see also Nabozny v. Marshall*, 781 F.2d 83, 84 (6th Cir.), *cert. denied*, 476 U.S. 1161 (1986); *cf. Gilbert v. Parke*, 763 F.2d 821, 823-24 (6th Cir. 1985).[5]

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 22) be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, because, for the foregoing reasons, petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 323-324 (2003) (quoting *Slack,* 529 U.S. at 483-84) (in turn quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

---

[5] To the extent that petitioner is alleging that the taking of his DNA violated the Due Process Clause of the Fourteenth Amendment, his argument fails because where "the Fourth Amendment provides an explicit textual source of constitutional protection against . . .physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process' must be the guide . . ." *Graham v. Connor,* 490 U.S. 386, 395 (1989). Because the Fourth Amendment clearly governs unconstitutional searches and seizures, petitioner's argument is not cognizable under substantive due process. *See Johnson v. Ogershok,* No. 04-3737, 134 Fed.Appx. 535, 539 (3rd Cir. June 14, 2005).

Date:  12/30/05                                                    s/Timothy S. Black                
    hr                                                                                    Timothy S. Black
                                                                                        United States Magistrate Judge

K:\ROSENBEH\2254(2005)\02-219selfrepDNA.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Charles Steele,
    Petitioner

    vs                                  Case No. 1:02cv219
                                           (Spiegel, J.; Black, M.J.)

Michael Allen,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).