UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES M. STEELE,         :

                           :    NO. 1:02-CV-00219

    Petitioner,          :

                           :

v.                          :

                           :    **OPINION AND ORDER**

MICHAEL ALLEN,          :

                           :

    Respondent.         :

This matter is before the Court on the Magistrate Judge's August 27, 2004 and December 30, 2005 Report and Recommendations (docs. 18, 37), and Petitioner's Objections to each of these Report and Recommendations (docs. 19, 39). For the reasons indicated herein, the Court ADOPTS the Report and Recommendations of the Magistrate Judge and DENIES WITH PREJUDICE Petitioner's Original and Amended Petitions for a Writ of Habeas Corpus (docs. 1, 22).

## I.   Background

Through his original (doc. 1) and amended (doc. 22) habeas corpus Petitions, Petitioner challenges his 2001 prosecution for a 1994 rape and kidnapping. Such prosecution was premised upon DNA evidence taken from Petitioner while he was incarcerated, pursuant to Section 2901.07 of the Ohio Rev. Code, which allows the State to collect DNA from certain criminal offenders without individualized suspicion (doc. 1).

On April 1, 2002, Petitioner filed his original habeas corpus petition, raising as his sole ground for relief that the state violated his constitutional rights when it prosecuted him beyond the original statute of limitations prescribed by Ohio Revised Code § 2901.13(A)(1), by retroactively applying an amendment to that statute extending the limitations period (Id.). Subsequently Petitioner sought leave to amend his petition to include two additional grounds for relief advanced in the state court (doc. 17).   The Court granted Petitioner leave, thus allowing him to assert his second ground for relief, that the trial court committed prejudicial error in refusing to allow Petitioner to represent himself at trial; and his third ground for relief, that the Court erred in allowing into evidence DNA samples obtained from Petitioner in 1995 and 2001 in violation of his Fourth and Fourteenth Amendment rights to the U.S. Constitution (doc. 20).

The Magistrate Judge's first Report and Recommendation addressed the original statute of limitations petition (doc. 18), while his second Report and Recommendation addressed grounds two and three (doc. 37).   The Magistrate Judge concluded that Petitioner's original and amended petitions for writ of habeas corpus should be denied with prejudice (docs. 18, 37). Petitioner submitted Objections to both Reports and

Recommendation, so this matter is now ripe for the Court's review.

## II.  Discussion

Under the standard of review established by the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2254(d), a petitioner is not entitled to relief in a federal habeas court proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362 (2000); Arnett v. Jackson, 393 F.3d 681 (6th Cir. 2005).

A state court decision is "contrary to" federal law if the state court reaches a conclusion opposite that of the Supreme Court on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362 (2000). The federal habeas court may grant the writ under the unreasonable application clause only if either: 1) the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or 2) if the state court either unreasonably extends a legal principle

3

from a Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply (Id).  Furthermore, a federal court may not issue a writ of habeas corpus under the unreasonable application clause, "simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable" (Id).

> **A.    The Magistrate Judge's Report and Recommendations (docs. 18, 39)**

The Magistrate Judge's first Report and Recommendation considered Petitioner's claim that the State was prosecuting him for a crime after the relevant statute of limitations had expired (doc. 18).  The Magistrate Judge concluded the state court had correctly determined that no federal law or constitutional right was violated when the state applied an extended statute of limitations to Petitioner's crime of rape (Id.).  The Magistrate Judge recognized under <u>Stogner v. California</u>, 123 S.Ct. 2446 (2003), that the extension of an expired statute of limitations can violate the <u>Ex Post Facto</u> Clause of the Constitution, Art. I § 10 (<u>Id</u>.).  However, the Magistrate Judge noted that <u>Stogner</u> involved a renewed statute of limitations after the original statute of limitations for the crime had already expired (<u>Id</u>).

The Magistrate Judge noted that the Stogner Court specifically held that its ruling did not affect laws which extend unexpired statutes of limitation (Id).

In the case at hand, Petitioner was indicted in 2001 for crimes committed in 1994 (Id.).  At the time of his crime the relevant statute of limitations was six years, but in 1999 the Ohio legislature amended Ohio Rev. Code § 2901.13 to increase the limitations period to twenty years (Id).  Because there was approximately one year left before the original statute of limitations expired, the Magistrate Judge concluded that neither Stogner, nor the Ex Post Facto Clause had been violated (Id.).

In his first Report and Recommendation, the Magistrate Judge also addressed Petitioner's arguments that the extended statute of limitations violated rights established by the Due Process and Equal Protection Clauses (Id).  In order to comport with the requirements of due process, legislation must be "supported by a legitimate purpose furthered by rational means." Pension Benefit Guaranty Corp. V. R.A. Gray & Co., 467 U.S. 717 (1984).  The State supplied legitimate interest in its goal of punishing criminals and protecting citizens (doc 18).  The State had a rational means of pursuing this goal in its use of DNA to obtain more reliable convictions for old crimes (Id).

Petitioner did not provide an explanation for the

5

classification he deemed objectionable under the Equal Protection Clause.  A classification will be presumed constitutional and requires only a rational relationship to a "legitimate state interest" unless it "trammels on fundamental personal rights" or "is drawn upon suspect distinctions such as race, religion or alienage." City of New Orleans v. Dukes, 427 U.S. 297 (1976). The Magistrate Judge concluded that the State has legitimate interest in prosecuting serious criminal offenders "when reliable and probative evidence exists" (doc. 18).  Because of this state interest and the failure of Petitioner to identify a suspect distinction or violation of a fundamental right, the Magistrate Judge followed the presumption of constitutionality (Id.).

The Magistrate Judge's second Report and Recommendation reviewed Petitioner's claims that he was unconstitutionally denied his Sixth Amendment right to represent himself, and his Fourth Amendment right to be free from unreasonable search and seizure (doc. 37).  The Magistrate Judge determined that Petitioner's rights to self-representation had not been unconstitutionally violated because the right to self-representation can be waived if it is not asserted unequivocally and in a timely manner. (Id. citing United States v. Martin, 25 F.3d 293 (6th Cir. 1994)).  The Court of Appeals record showed that Steele had asked to argue on his own in a preliminary trial

hearing and had filed a "Motion to Withdraw Counsel." (Id.).
However, the record also showed that Petitioner seemed satisfied
when new counsel had been appointed to represent him, and that
Petitioner had not raised the issue of proceeding pro se during
the months leading up to trial (Id).  It was only on the day of
trial, that Petitioner confirmed that he wished to represent
himself (Id).  Because of the equivocal nature of Petitioner's
first requests and the fact that Petitioner did not confirm his
desire to represent himself until the day of trial, the
Magistrate Judge agreed with the Ohio Court of Appeals'
determination that Petitioner had waived his right to proceed pro
se and concluded there was no Sixth Amendment violation (Id).

Finally, the Magistrate Judge concluded that Petitioner
should not be granted a writ of habeas corpus based upon his
Fourth Amendment claim (Id).  A petitioner cannot be granted
habeas corpus relief for unconstitutional search and seizure if
the state afforded him a full and fair opportunity to litigate
his Fourth Amendment claim.  Stone v. Powell 428 U.S. 465 (1976).
The Magistrate Judge reasoned, "Ohio provides an adequate
procedural mechanism for the litigation of Fourth Amendment
claims in the form of a pretrial motion to suppress. . . and a
direct appeal as a right from an order denying a motion to
suppress" (doc. 37).  Furthermore, the Magistrate Judge

determined there had been no impediment to Petitioner because of a failure of this mechanism (Id).  As such, Petitioner had no right to re-litigate his claims in federal court.  See Riley v. Gray, 674 F.2d 522 (6th Cir. 1982).

**B.  Petitioner's Objections (docs. 19, 39)**

In Petitioner's Objections to the Magistrate Judge's first Report and Recommendation on this matter, he argues that the Magistrate Judge erred by applying the Court's own interpretation of the relevant law instead of relying on the interpretation of law as provided by either Petitioner or Respondent (doc. 19).  The Petitioner also argues that Magistrate Judge did not address the issues raised in Petitioner's motion to amend his petition (doc. 17), and based his conclusions solely on Petitioner's statute of limitations claim (doc. 19).

Petitioner raised three objections to the Magistrate Judge's second Report and Recommendation (doc. 37).  Petitioner's first objection is that he was not served with all the state court papers referenced in the Magistrate Judge's Report and Recommendation, so that he could not effectively oppose the Report and Recommendation (Id.).  Petitioner specifically argues that he never received a copy of the Amended Return of Writ, a document that Respondent never filed (doc. 38).  Petitioner argues that he has unlawfully been put at a disadvantage by

having to litigate the case without the possession of documents
from the state court proceedings (Id).

In his second objection to the second Report and
Recommendation (doc. 37), Petitioner restates an assignment of
error raised in his amended petition, that he was unlawfully
denied his constitutional right to represent himself (doc. 39).
Petitioner relies heavily on Faretta v. California, 422 U.S. 806
(1975), to support his claim (Id).  He argues that Faretta allows
waiver of the right to represent oneself only when such waiver is
made knowingly and voluntarily (Id).

In Petitioner's third objection, he restates
the Fourth Amendment ground for relief raised in his amended
petition (Id).  In this objection Petitioner contends the
Magistrate Judge concluded that state courts always offered a
full and fair adjudication (Id).  He also argues Schmerber v.
California, 384 U.S. 747 (1966) should be controlling (Id).
Petitioner asserts that Schmerber established taking blood to
seek evidence for intoxication was a Fourth Amendment search, and
therefore, so too should be the taking of DNA (doc. 39).  He
alleges that this search was a violation of a legitimate
expectation of privacy (Id).

**C. Analysis**

Having reviewed this matter de novo, the Court

9

finds the Magistrate Judge's Report and Recommendations (docs. 18 & 37) thorough and well reasoned.  The Court therefore adopts and affirms the opinions expressed therein as they relate to Petitioner's claims and objections.

Petitioner's objections to the Magistrate Judge's first Report and Recommendation are largely quelled by the fact that the Court permitted Petitioner to amend his petition to add his second and third grounds for relief.  The Magistrate Judge's second Report and Recommendation addresses the Petitioner's claims based upon the right to self-representation and his right to be free from unreasonable search and seizure (doc. 37). Petitioner's argument that the Magistrate Judge must rely on case law or reasoning supplied by Petitioner or Respondent is without merit.  The Court is free to apply the relevant law to the facts of a case whether the law has been cited by either party.  The Magistrate Judge in no way erred in relying on Stogner, 123 S.Ct. 2446, 2450 (2003), to conclude that the extension of an unexpired statute of limitations poses no violation of the Ex Post Facto Clause.

Petitioner's objection based on lack of service of Respondent's return of amended writ lacks merit because the Magistrate Judge already found the Respondent waived an opportunity to respond to the amended petition (doc. 38).

10

Respondent did not respond, and this explains lack of service.
Petitioner suffered no prejudice when Respondent failed to
respond, indeed, in theory this should have operated in
Petitioner's favor.    As for Petitioner's objection that he
lacked access to documents in his state court case, Petitioner
failed to show how such lack of access prejudiced his ability to
argue the merits of his statute of limitations, right to self-
representation, and Fourth Amendment claims.   The documents from
his state court case have no bearing on his statute of
limitations or Fourth Amendment claims, and Petitioner's argument
pertaining to the right to self-representation clearly cites to
the record, in noting that the trial judge refused to allow him
to argue his own case.    The Court therefore finds no merit in
Petitioner's argument that he was deprived of state court
documents to his detriment.   Petitioner could and adequately did
argue in support of the three grounds in his habeas corpus
petition.

The Court similarly finds no merit in Petitioner's
objection based upon the constitutional right to self-
representation.   The Supreme Court has interpreted the Sixth
Amendment to include an implied constitutional right to self-
representation. See Faretta v. California, 422 U.S. 806 (1975).
However, it has well been well established that, unlike right to

counsel which can only be waived knowingly and intelligently, the right to self-representation must be asserted in a timely and unequivocal manner and may be waived if not asserted in such a manner.   See United States v. Martin, 25 F.3d 293 (6th Cir. 1994); United States v. Singleton, 107 F.3d 1091 (4th Cir. 1997); Cain v. Peters, 972 F.2d 748 (7th Cir. 1992).   The Court finds Petitioner's initial requests to represent himself unclear.   In the two instances where Petitioner raised his right to self representation in order to remedy his dissatisfaction with specific aspects of the proceedings, the court made accommodations which seemed to satisfy the Petitioner.   Based on the Petitioner's response to these accommodations, the state court reasonably concluded that Petitioner's requests were "impulsive acts expressing frustration with counsel," and thus emotional responses that did not meet the clear and unequivocal standard for asserting this right. State v. Steele, 802 N.E.2d 1127 (Ohio Ct. App. 2003).

The Court further finds that Petitioner did not make his final request to represent himself in a timely manner. Petitioner had several months to assert his right to proceed without counsel between the time he was appointed a replacement attorney and the date of trial (doc. 37).   He did not however, raise the issue again until the day of trial.   The trial court

12

was within the bounds of its discretion in denying this final request, because Petitioner did not timely make such request, and a grant of such request would have delayed the trial.  See United States v. Martin, 25 F.3d 293 (6th Cir. 1994); See also Robards v. Rees, 789 F.2d 379 (6th Cir. 1986).

Petitioner's final objection concerning his Fourth Amendment right to freedom from unlawful search and seizure fails to appreciate the basis upon which the Magistrate Judge rejected his third ground for relief.  Petitioner contends that, "what the Magistrate [Judge] is saying is that the State Courts always afford litigants full and fair hearings" (doc. 39).  Petitioner mischaracterizes the Magistrate Judge's analysis.  The Magistrate Judge properly reasoned that in the arena of Fourth Amendment challenges, the right to a pretrial motion to suppress under Ohio R. Crim. P. 12, and the subsequent right to direct appeal from denial of a motion to suppress under Ohio R. Crim P. 3 and 5, procedurally provided a full and fair mechanism to Petitioner (doc. 37).  Because Petitioner has not "pointed to any impediments which frustrated the presentation of his Fourth Amendment claim in Ohio courts" (doc. 37), the Court is bound from hearing further Fourth Amendment claims under Stone v. Powell, 428 U.S. 465 (1976), and Riley v. Gray, 674 F.2d 522 (6th Cir. 1982).

13

## III.  Conclusion

Having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court finds the Magistrate Judge's Report and Recommendations thorough, well-reasoned, and correct. Accordingly, the Court, hereby ADOPTS the Magistrate Judge's Report and Recommendations in full (docs. 18, 37), AFFIRMS such Report and Recommendations (Id), DENIES WITH PREJUDICE Petitioner's Petitions for Writ and Amended Writ for Habeas Corpus (docs. 1, 22), and FINDS that a certificate of appealability should not issue with respect to Petitioner's claims for relief, because:  Petitioner has failed to make a substantial showing of the denial of a constitutional right remediable in this federal habeas corpus proceeding, See 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b); Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322 (2003).  Finally, the Court CERTIFIES with respect to any application by Petitioner to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and therefore any motion by Petitioner for leave to appeal in

14

forma pauperis should be denied.  Fed. R. App. P. 24(a); <u>Kincade</u>

<u>v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).


Date: April 7, 2006              <u>s/S. Arthur Spiegel               </u>
                                 S. Arthur Spiegel
                                 United States Senior District Judge